UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDNA COOK,

    Plaintiff,

v.                                            Case No. 8:18-cv-2283-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1962, has a tenth-grade education, and has past relevant work experience as a fast food manager, cook helper, and cleaner. (R. 25, 40, 63-64). In October 2014, the Plaintiff applied for DIB, alleging disability as of January 1, 2014, due to emphysema, a mass on her lung, a thyroid problem, foot paresthesia,

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this suit.

and chronic obstructive pulmonary disorder (COPD). (R. 228-31, 245). The Social Security Administration (SSA) denied her application both initially and on reconsideration. (R. 115-40).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in February 2017. (R. 88-108). That hearing was continued, however, so that the Plaintiff could obtain representation. *Id.* At a second hearing convened by the ALJ in June 2017 (R. 35-87), the Plaintiff appeared with an attorney and testified on her own behalf. (R. 39-70). The Plaintiff's daughter also testified, as did a vocational expert (VE). (R. 71-85).

In a decision dated October 18, 2017, the ALJ found that the Plaintiff: (1) met the insured status through December 31, 2016, and had not engaged in substantial gainful activity since her alleged onset date of January 1, 2014; (2) had the severe impairments of COPD, emphysema/lung nodules, coronary artery disease, carpal tunnel syndrome, and a multinodular goiter; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work, subject to certain limitations; and (5) based in part on the VE's testimony, could not engage in her past relevant work but was capable of performing other jobs that exist in significant numbers in the national economy. (R. 18-26). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 26).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4),

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

      A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to the

factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

On appeal, the Plaintiff contends the ALJ erred by failing to address the Plaintiff's visual impairments and by failing to develop the record on that matter. (Doc. 17 at 6-9). In support of this contention, the Plaintiff points to treatment notes in the record that indicate she was experiencing issues with cataracts and glaucoma after January 2016, *id.*, as well as medical documentation from three visits she made to Brandon Eye Associates in 2017 both before and after the ALJ's decision (Doc. 17-1).[4] While recognizing that the Brandon Eye Associates records for the visits predating the ALJ's decision (i.e., those for the March 22, 2017, and May 16, 2017, visits) were "inexplicably" not submitted to the ALJ and thus cannot be considered at this juncture, the Plaintiff nonetheless posits the following argument:

> [T]here was sufficient notice in the treatment records that the Plaintiff developed a vision impairment prior to her date last insured, which should have been investigat[ed by the ALJ] as to whether this impairment would have impacted her ability to perform work related activities. Had the [ALJ] asked the claimant whether she received medical treatment for her cataracts and/or glaucoma, the [Brandon Eye Associates records] would have been identified, obtained, and submitted.

(Doc. 17 at 8).

---

[4] The dates for the three visits are March 22, 2017, May 16, 2017, and November 15, 2017. The Plaintiff attaches the records for these visits as an exhibit to the parties' joint memorandum. *Id.* at 5.

5

With respect to the Brandon Eye Associates record for the lone visit post-dating the ALJ's decision (i.e., for the November 15, 2017, visit), the Plaintiff maintains that this record can be considered if it is "new and material." *Id*. In addition, the Plaintiff represents that she will separately move to remand the case under sentence six of section 405(g) for consideration of some or all of the Brandon Eye Associates records. *Id*.

In response to the Plaintiff's arguments, the Commissioner counters that the ALJ fulfilled her duty to develop the record; that the Plaintiff is impermissibly attempting to shift her burden of proving disability to the ALJ; and that the Plaintiff fails to show that the Brandon Eye Associates records would have altered the ALJ's decision in any event. The Commissioner additionally asserts that any new evidence upon which the Plaintiff seeks to rely at this juncture can be considered only if remand is warranted pursuant to sentence six—a showing he contends the Plaintiff fails to make. *Id.* at 9.

Upon a thorough review of the record and the parties' submissions, the Court finds that the Plaintiff's claims are without merit.

A.

To be eligible for DIB under the Act, a claimant must demonstrate disability on or before the last date for which she was insured. *Moore*, 405 F.3d at 1211; 42 U.S.C. §§ 416(i)(3), 423(a) & (c); 20 C.F.R. §§ 404.101, 404.130, 404.131. "If a claimant becomes disabled after losing insured status, h[er] DIB claim will be denied

despite a disability." *McClain v. Comm'r, Soc. Sec. Admin.*, 676 F. App'x 935, 937 (11th Cir. 2017) (citation omitted).

As noted above, the Plaintiff lost her insured status for purposes of DIB on December 31, 2016, and thus was required to prove she was disabled prior to that date. The 2017 Brandon Eye Associates records upon which she now principally relies to support her claim of a visual impairment all post-date her insured period (Doc. 17-1) and provide no indication they relate back to that earlier time frame. Because the Plaintiff fails to point to evidence that her eye-related symptoms in 2017 contributed to her claim of disability prior to December 31, 2016, her contention that her DIB claim must be remanded for additional consideration fails.

The Plaintiff's related argument that the ALJ should have further investigated her visual issues is also unavailing. It is well settled that Social Security proceedings are by their nature inquisitorial, rather than adversarial. *Washington*, 906 F.3d at 1364; *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). As such, while a claimant ultimately bears the burden of proving she is disabled and must produce adequate evidence to support her claim, an ALJ has a firmly-established duty to develop a full and fair record of the facts relevant to the claimant's application for benefits. *Washington*, 906 F.3d at 1364; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (citation omitted). Pursuant to the Regulations, this duty requires the Commissioner to "develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant] file[d her] application." 20 C.F.R. § 404.1512(b)(1) (requiring the SSA to develop the complete

7

medical history for at least twelve months preceding the application and make every reasonable effort to assist the claimant in obtaining records); *Brock v. Comm'r, Soc. Sec. Admin.*, 758 F. App'x 745, 749 (11th Cir. 2018); *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ is not under a regulatory duty, however, "to develop the record after that date." *Larry v. Comm'r of Soc. Sec.*, 506 F. App'x 967, 969 (11th Cir. 2013) (citing *Ellison*, 355 F.3d at 1276; 20 C.F.R. § 416.912(d)).

In this case, as noted above, the Plaintiff filed her DIB application in October 2014. Because the Brandon Eye Associates records are from 2017, the ALJ had no regulatory duty to secure them.

Furthermore, while the Plaintiff asserts that the ALJ should have known that further evidence regarding the Plaintiff's eye problems was necessary, the record does not bear out that contention. Notably, the transcript of the June 2017 administrative hearing reflects that the ALJ inquired of Plaintiff's counsel whether any medical records were missing. In response, counsel advised the ALJ that all records had been submitted and that counsel was not aware of any additional evidence. (R. 37-38).

And, although the Plaintiff is correct there is some information in the record that she was diagnosed with cataracts and glaucoma in 2016 (R. 783, 788, 793, 799), she did not complain that her disability stemmed from these conditions. Instead, as the Plaintiff acknowledges, she testified at the hearing that she was disabled due to emphysema, nodules on her lungs, a thyroid issue, and paresthesia of the foot. (R. 45-46). She made no mention of any disabling vision problems, noting only that she had prescription eye drops for dry eyes because her "eyelids [were] scratching [her]

8

eyeballs." (R. 56). She also testified that she had a driver's license and was able to drive, and that she passed the time viewing Facebook and playing games on her phone. (R. 67-68). In light of this evidence, the Court finds no indication that the record required further development or that it provided an insufficient basis upon which the ALJ could render an informed decision. *See Rivera v. Comm'r of Soc. Sec.*, 2013 WL 557214, at *5 (M.D. Fla. Feb. 14, 2013) (observing that an ALJ should develop the record where "there is ambiguous evidence or when the record is inadequate to allow for a proper evaluation of the evidence" and citing cases).

Even assuming *arguendo* that the ALJ did not adequately develop the record, the case law in this Circuit requires remand to the Commissioner for additional development only when the claimant shows that the ALJ's alleged failure to develop the record created evidentiary gaps resulting in unfairness or clear prejudice. *See, e.g., Mosley v. Acting Comm'r of Soc. Sec. Admin*, 633 F. App'x 739, 742 (11th Cir. 2015) (citing *Brown*, 44 F.3d at 935); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (citing *Brown*, 44 F.3d 934-35); *Lebel v. Comm'r of Soc. Sec. Admin.*, 2018 WL 3029062, at *3 (M.D. Fla. May 31, 2018), *report and recommendation adopted*, 2018 WL 3020158 (M.D. Fla. June 15, 2018); *Farnstrom v. Comm'r of Soc. Sec.*, 2018 WL 1800851, at *4-5 (M.D. Fla. Mar. 29, 2018), *report and recommendation adopted*, 2018 WL 1791536 (M.D. Fla. Apr. 16, 2018). As the Eleventh Circuit explained in *Mosley*:

> [T]here must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record. Prejudice requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include

9

relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision.

633 F. App'x at 742 (internal quotations and citations omitted).

The Plaintiff makes no such showing here. Indeed, she makes no argument whatsoever that her vision problems affected her ability to work or resulted in any functional limitation. Instead, she simply reiterates that the matter should have been investigated, without articulating a basis upon which the Court could find prejudice.

B.

As noted above, the Plaintiff represents in her memorandum that she intends to file a separate motion for a sentence six remand so that the Commissioner can consider the Brandon Eye Associates records. No such motion has been filed, however. Therefore, it appears that request has been waived.

Even if this request for remand under sentence six has not been waived, it fails. When reviewing final agency decisions on Social Security benefits, the sixth sentence of 42 U.S.C. § 405(g) "provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time to the district court." *Ingram*, 496 F.3d at 1267. That provision states:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding .

42 U.S.C. § 405(g).

Thus, to establish a basis for a sentence six remand, a plaintiff must demonstrate that (1) there is new, noncumulative evidence; (2) the new evidence is "material"—that is, the evidence is chronologically relevant and probative such that a reasonable possibility exists that it would change the administrative result; and (3) good cause exists for the failure to submit the evidence at the administrative level. *Hunter v. Soc. Sec. Admin.*, 808 F.3d 818, 821 (11th Cir. 2015) (citation omitted); *see also Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (quoting 20 C.F.R. §§ 404.970(b), 416.1470(b)) (explaining that evidence is "chronologically relevant" if "it relates to the period on or before the date of the [ALJ's] hearing decision").

In this case, the Plaintiff fails to satisfy her burden of establishing a basis for a sentence six remand. As she concedes, the March 22, 2017, and May 16, 2017, Brandon Eye Associates records pre-date the ALJ's decision. As a result, they are not new. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (defining "new" evidence as that which was not previously available to the ALJ).

Even were that not the case, the Plaintiff does not show that any of the Brandon Eye Associates records (whether they pertain to visits before or after the ALJ's decision) are material. In particular, the Plaintiff does not explain how these records relate back to her insured period or why the records would change the ALJ's determination of no disability. And, she presents no foundation to support a good cause finding. As a result, remand for consideration of additional evidence pursuant to sentence six is unwarranted.

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 16th day of March 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record